UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRO T. HESED-EL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:18-cv-00200-JRH-BKE |
| CHRISTIAN LOWN | § | |
| D/B/A NAVIENT CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

Defendants Christian Lown ("Mr. Lown") and Navient Corporation ("Navient Corp.")[1] move to dismiss Plaintiff Bro. T. Hesed-El's ("Plaintiff's") First Amended Complaint to Correct His Credit Report and Brief in Support of Complaint [ECF No. 1-2] ("Amended Complaint") for lack of personal jurisdiction and failure to state a plausible claim for relief.

## I.    INTRODUCTION

Plaintiff sued Navient Corp. and its Chief Financial Officer and Executive Vice President, Mr. Lown, seeking money damages and injunctive relief in connection with a bad-faith attempt to invalidate his student loan debt of more than $150,000. *See* **Exh. 3**, Clean Credit Report    Process    Package    at    2,    *available    at*    http://remedymission.com/wp-

---

[1] As explained in the Notice of Special Appearance of Christian Lown filed in state court in February 2018, Navient Corp., a Delaware corporation, does not service any student loans or other accounts belonging to Plaintiff Stephen Anthony Lee, Taqi E Hhamul Hesed El, and/or Bro. T. Hesed-El. The legal entity servicing Plaintiff's student loans is Navient Solutions, LLC—a subsidiary of Navient Corp. *See Caione v. Navient Corp.*, No. CV 16-0806 (NLH/JS), 2016 WL 4432687, at *3 (D.N.J. Aug. 18, 2016) ("Sallie Mae, Inc. changed its name to Navient on May 1, 2014. The name change followed a corporate reorganization creating (1) a restructured SLM Corporation which continued operating as a separate publicly traded company and Sallie Mae Bank, and (2) Navient Corporation, of which defendant Navient Solutions, Inc. is a subsidiary."); *Crittenden v. Navient*, No. 3:17-CV-00364-SB, 2017 WL 5897911, at *1 (D. Or. Sept. 25, 2017), *report and recommendation adopted as modified sub nom. Crittenden v. Navient Sols., LLC*, No. 3:17-CV-00364-SB, 2017 WL 5895137 (D. Or. Nov. 28, 2017) (citation omitted) ("Navient [Solutions, LLC] was formerly known as Navient Solutions, Inc. or "NSL.""). Plaintiff nevertheless proceeded to identify Navient Corp. as a defendant in his Amended Complaint.

content/uploads/2017/05/Liberty-Aid-Package.pdf); **Exh. 1** at 4, 100, 104. As the online guide to manufacturing Plaintiff's "claims" makes clear, its three-step "process" is a shakedown. **Exh. 3** at 2-3 (noting the large imbalance in the parties' litigation costs and encouraging the user to "keep going through the process as many times as needed until they initiate a settlement offer").

The instructions to "Step 3" of the process leave no doubt as to the purpose of this suit:

> **NOTE:** If [your creditors] want to be difficult, you can dismiss the case the day of the court date and then immediately re-file a new small claims case the same day. This will cause the creditors to spend $5,000 to $10,000 for each case for their legal representation. Eventually they will tire of spending so much money on lawyers and admit they are beat, take the loss, and give you want you want, your notarized debt dismissal letter and possible fine.

**Exh. 3** at 14. The explicit purpose of this process is to coerce settlements of bad-faith claims.

This claim before the Court is no different. Plaintiff does not allege any facts indicating that he comes before the Court in a good-faith, but misguided, effort to resolve a legitimate dispute with Defendants. For example, Plaintiff does not challenge whether he obtained the student loans, received the benefits of the student loans, or owed the loans. **Exh. 1** at 94-104. He does not allege the loans were paid off, forgiven, or discharged. *Id.* Nor does he contend that any person or entity has asserted a competing right to collect payments on the loans. *Id.*

Instead, the central premise of Plaintiff's Amended Complaint is that Navient Corp. did not properly validate his student loans in response to a handful of self-serving letters and, as a result, his otherwise enforceable student loan debt is "no longer owed." *Id.* at 101, ¶ G. On this same basis, he contends that "the account has been invalidated" and should not have been reported to the major consumer reporting agencies ("CRAs"). *Id.* at 100. These allegations are

frivolous as a matter of fact and law, and cannot support a plausible claim for relief under the Fair Debt Collection Practices Act ("FDCPA") or the Fair Credit Reporting Act ("FCRA").[2]

This Court should see Plaintiff's "trick,"[3] for what it is, dismiss his claims with prejudice, and award all relief the Court deems appropriate under 28 U.S.C. § 1927, 28 U.S.C. § 1651, and the Court's inherent authority. *See, e.g.*, *Bro T. Hesed-El v. Poff*, No. 1:18-cv-00079-JRH-BKE (S.D. Ga. June 21, 2018), ECF No. 9 (copy attached hereto as **Exhibit 4**) (dismissing complaint filed by Plaintiff and ordering that he pay a $100 frivolity bond before filing any future lawsuit).

## II.    BACKGROUND

Plaintiff[4] is the borrower on fifteen federal and private student loans with a total balance of $152,430.60 as of October 10, 2018. **Exh. 1** at 104. Navient Solutions, LLC is the servicer of Plaintiff's student loans, including on behalf of the United States Department of Education.[5] *Id.* Defendant Navient Corp. is a publicly-traded holding company, and the sole member of Navient Solutions, LLC. *See* n.1, *supra.* Defendant Mr. Lown is the CFO of Navient Corp.

On or about July 5, 2017, Plaintiff sent a letter to "Navient" disputing his student loan account ending in "5084." **Exh. 1** at 11; *id.* at 100, ¶ B. Plaintiff's copy-and-paste letter includes various demands for information and documentation relating to Plaintiff's student loans which, if not provided to Plaintiff's satisfaction, would purportedly be an "admission that you have no claim, your agreement not to report negatively to the [CRAs], and your agreement never to contact me or the person named in your correspondence again." **Exh. 1** at 014; **Exh. 3.**

---

[2] Defendants do not believe Plaintiff intended to allege a claim under the FCRA. However, viewing his *pro se* allegations relation to credit reporting liberally, they address the FCRA out of abundance of caution.

[3] **Exh. 3** at 2 ("It is a trick that can be repeated as many times as needed to ensure your debt is removed.").

[4] Plaintiff Bro. T. Hesed-El's Amended Complaint relates to student loans belonging to "Stephen Anthony Lee" and/or "Taqi E Hhamul Hesed El" under an account number ending "5084." *E.g.*, **Exh. 1** at 100, 104. Defendants assume in this motion that Plaintiff Bro. T. Hesed-El and Stephen Anthony Lee are the same person.

[5] Defendants' arguments in this motion would apply equally to Navient Solutions, LLC, except that Plaintiff could plausibly allege that Navient Solutions, LLC is a furnisher of information under the FCRA.

Navient Solutions, LLC responded on July 14, 2017, identifying Plaintiff's correspondence as a frivolous attempt to "make a legal claim sometimes referred to as 'Redemption,' 'Strawman,' or 'Acceptance for Value'" which are "often associated with fraud schemes." **Exh. 1** at 020. In an effort to avoid any miscommunication, Navient Solutions, LLC invited Plaintiff to contact it to clarify the nature of his claim. *Id.* Plaintiff rejected the invitation and submitted another frivolous validation letter. *Id.* at 021.

Having completed the predicate steps he believed necessary to manufacture this lawsuit, *see* **Exh. 3**, Plaintiff sued "Christian Lown d/b/a Navient Corporation" in the Magistrate Court of Richmond County on August 21, 2017. **Exh. 1** at 63; *see also* **Exh. 3** (providing a form "**SAMPLE SMALL CLAIMS FILING**" for completion and filing as Step 3 in the Clean Credit Report Process). In his Statement of Claim, Plaintiff asserted a claim for "Specific Performance" alleging his student loans had been invalidated. **Exh. 1** at 63. In addition to a "$1,000 FDCPA Fine per violation," Plaintiff requested an order requiring Mr. Lown to write the CRAs within 30 days stating that his student loan debt had been satisfied. *Id.*

On October 13, 2017, Plaintiff filed a Certificate in Support of Default Judgment. **Exh. 1** at 69. In the Proof of Service attached thereto, an unidentified person stated that service was made via certified mail to Christian Lown d/b/a Navient c/o Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19808. *Id.* On the basis of this alleged service, Plaintiff later filed a Motion for Default Judgment against "Navient (Corporation)." *Id.* at 67.

The Magistrate Court did not enter a default judgment against Mr. Lown or Navient Corp, recognizing that the record (including the Certificate in Support of Default Judgment) failed to show that Mr. Lown had been properly served. *Id.* at 70. Instead, William D. Jennings, III, Chief Judge of Civil and Magistrate Court, Richmond County, Georgia, transferred the case

to the Superior Court of Richmond County, State of Georgia on January 9, 2018, and ordered the Clerk to send a courtesy copy of the Order of Transfer to Mr. Lown. *Id.*

On the same day as the transfer, Plaintiff filed a Brief in Support of Claim in the Superior Court. **Exh. 1** at 004. Copying a brief with the same title in the Clean Credit Report Process Package nearly verbatim, **Exh. 3**, Plaintiff alleged the failure of "NAVIENT" to "make presentment of the indenture instrument" and to "present the original note" relating to his student loan account meant "the debt is no longer owed." **Exh. 1** at 004-05, ¶¶ C, G; *see also id.* ("In short, no note means no debt"). Plaintiff further argued that "[b]y not validating the debt with an appropriate response . . . NAVIENT has broken the United States Code section which is the FDCPA . . . ." *Id.* In addition, Plaintiff contended that "NAVIENT" violated the FDCPA "by verifying an invalidated account . . . ." *Id.* On these bases, Plaintiff reiterated his demand for $3,000 in statutory damages and an order requiring "NAVIENT" to request deletion of the trade lines for his loan account. *Id.*

Soon thereafter, Mr. Lown received a copy of the Magistrate Court's Order of Transfer and, on February 2, 2018, Mr. Lown filed a Notice of Special Appearance by and through counsel. *Id.* at 71. Mr. Lown notified the Superior Court, consistent with Magistrate Court's conclusion, that he had not been personally served with a summons pursuant to O.C.G.A. § 15-10-43(b) (governing service of summons in the magistrate courts of the State of Georgia) or otherwise served in compliance with O.C.G.A. § 9-11-4. *Id.* at 72, ¶ 8. The case then sat dormant for seven months.

Plaintiff reappeared on September 10, 2018, with a Motion to Schedule Oral Hearing asking the Superior Court also to schedule a hearing for October 31, 2018. **Exh. 1** at 77. The next

day, he filed a Notice of Motion purporting to set a hearing on October 8, 2018. *Id.* at 78. Mr. Lown moved the Superior Court to strike Plaintiff's hearing requests in response and, further, to order that Plaintiff re-plead his complaint to identify the basis for his claims. *Id.* As of the date of this filing, the Superior Court has not ruled on the parties' motions.[6]

On October 10, 2018, Plaintiff filed a Response in Opposition to Defendants' Motion including Plaintiff's More Definite Statement of Claim for Relief and his Amended Complaint. **Exh. 1** at 89. For the first time, Plaintiff identified Navient Corp.[7] as a defendant separate from Mr. Lown. *Id.* Echoing his prior complaint and incorporating another "Brief in Support of Claim," Plaintiff's Amended Complaint continued to assert that his student loans were invalid and, therefore, Mr. Lown and/or Navient Corp. are "liable to pay Plaintiff FDCPA fines and are subject to correction under the Georgia Consumer protection acts."[8] *Id.* at 96, ¶ 12.

Navient Corp. removed the case to this Court on November 13, 2018. For the reasons argued below, the Court should dismiss the Amended Complaint with prejudice.

## III.   SUMMARY OF THE ARGUMENT

This Court should dismiss Plaintiff's claims against Defendants on multiple grounds. First, Plaintiff has failed to properly serve Mr. Lown or Navient Corp. under Georgia or federal law. Second, even if Plaintiff had properly served Mr. Lown, the Complaint identifies no basis for this Court to exercise personal jurisdiction over him. Mr. Lown does not live or work in Georgia, and he does not have the necessary contacts with the State of Georgia to anticipate

---

[6] No hearing occurred on October 8, 2018.

[7] As explained in the Notice of Special Appearance of Christian Lown, Navient Corp. does not service any student loans belonging to Plaintiff. *See* **Exh. 1** at 72, n.2; *see also id* at 81 n.2. He nevertheless proceeded to identify Navient Corp. instead of Navient Solutions, LLC as a defendant in his Amended Complaint.

[8] Plaintiff does not identify any "Georgia Consumer protection acts" in his Amended Complaint or supporting materials. Defendants therefore lack fair notice of any such claims against them. Nevertheless, to the extent Plaintiff purports to allege such claims, or seeks leave to amend to plead such claim, his claims must fail. Any such claims are premised on the same fundamental error as his FDCPA claim and cannot survive dismissal.

being haled into Court here personally. Third, even if this Court had personal jurisdiction over one or both Defendants, Plaintiff's Amended Complaint fails to state a plausible claim.

As a threshold matter, Plaintiff does not allege facts showing that either Defendant is a "debt collector" under the FDCPA or a furnisher of information under the FCRA. Plaintiff also fails to allege that he disputed information furnished by either Defendant to the CRAs, and that the CRAs forwarded his dispute to either Defendant for investigation. Without plausibly alleging these minimum facts, Plaintiff's claims under both statutes fail as a matter of law.

Plaintiff further fails to allege well-pleaded facts that, if viewed liberally, support a plausible claim under either statute. Specific to Plaintiff's FDCPA claim, he fails to allege facts showing that he received or timely responded to an initial communication from either Defendant and that either Defendant communicated any information to the CRAs that they knew or should have known was false. Specific to Plaintiff's FCRA claim, if any, Plaintiff fails to allege facts showing that either Defendant furnished any inaccurate or incomplete information to the CRAs, that he disputed any particular inaccurate or incomplete information that either Defendant furnished to a CRA, that a CRA provided notice of a dispute to either Defendant, and that either Defendant failed to act in compliance with the FCRA after receiving notice of a dispute.

To the contrary, a review of the Amended Complaint and incorporated documents shows its central premise (*i.e.*, that Plaintiff's student loans ceased to exist) is baseless. Because the many defects in Plaintiff's claims are incurable, his Amended Complaint should be dismissed with prejudice. *See Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)) (recognizing a court may deny leave to amend if the amendment would be futile "such as 'when the complaint as amended is still subject to dismissal' because, for example, it fails to state a claim for relief").

## IV.    LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b)(5) – Service of Process.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *accord Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (citation omitted).

The plaintiff bears the burden of establishing proper service. *Carrier v. Jordaan*, 714 F. Supp. 2d 1204, 1211 (S.D. Ga. 2008). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Dismissal under Fed. R. Civ. P. 12(b)(5) is proper if the service of a summons is deficient. *Kammona v. Onteco Corp.*, 587 Fed. Appx. 575, 578 (11th Cir. 2014).

### B.  Fed. R. Civ. P. 12(b)(2) – Personal Jurisdiction.

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction comports with constitutional due process. *Brannies v. Internet ROI, Inc.*, 67 F. Supp. 3d 1365, 1367 (S.D. Ga. 2015) (citations omitted).

When evaluating the second requirement, courts consider "whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).

"A plaintiff can establish minimum contacts through a defendant's contacts within the forum state unrelated to the litigation—general jurisdiction—or a defendant's contacts related to

the litigation—specific jurisdiction." *Bryant v. Fed. Nat'l Mortgage Ass'n*, No. 5:16-CV-341 (MTT), 2017 WL 455936, at *2 (M.D. Ga. Feb. 2, 2017).

"General jurisdiction requires continuous and systematic contacts between the defendant and the forum state." *Id.* (citing *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002)). "Meanwhile, specific jurisdiction requires the defendant to have 'purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers, Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)). "Put differently, the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1267.

A court's inquiry does not end when it finds minimum contacts supporting the exercise of specific or general personal jurisdiction. "If minimum contacts are sufficiently established, other factors are examined to determine the ultimate fairness of asserting personal jurisdiction, such as 'the burden on the defendant; the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'" *Brannies*, 67 F. Supp. 3d at 1367 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Moreover, if the defendant offers evidence attacking jurisdiction, the plaintiff must offer proof

supporting the exercise of jurisdiction "and not merely reiterate the factual allegations in the complaint." *Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986).

## C.  Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim.

In addition to pleading a basis for the Court to exercise jurisdiction over a defendant, a plaintiff must plead a plausible claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor do facts that are "merely consistent with a defendant's liability." *Id.* (internal quotation marks omitted). The alleged facts must permit the trial court reasonably to infer that the defendant is liable for the specific wrong the plaintiff alleges and that it is plausible, not just possible, that the plaintiff is entitled to relief. *Id.* at 678. "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not meet the plaintiff's burden. *Id.*

"Although the Court must construe plaintiffs' *pro se* pleadings liberally, that does not excuse them from compliance with substantive law and procedural rules." *Ferguson v. Aurora Loan Servs.*, No. CV410-174, 2010 WL 4286194, at *1 (S.D. Ga. Oct. 22, 2010). "Judges, then, at most can construe liberally what *pro se* litigants say factually, but they cannot develop legal arguments or plug the legal holes in their cases for them." *Swain v. Colorado Tech. Univ.*, CV414-071, 2014 WL 3012693, at *1 (S.D. Ga. June 12, 2014), *report and recommendation adopted as modified*, No. CV414-071, 2014 WL 3568334 (S.D. Ga. July 18, 2014) (citations omitted); *accord Porter v. Duval Cnty. Sch. Bd.*, 406 F. App'x 460, 462 (11th Cir. 2010) (citation omitted) (acknowledging courts "may not act as de facto counsel" for *pro se* plaintiffs).

"[E]ven with pro se litigants, 'conclusory allegations or legal conclusions masquerading as factual conclusions,' are not sufficient for a well-pled complaint." *Pak v. Recio*, No. 6:16-cv-

00102-MHS-JDL, 2016 WL 4492812, at *2 (E.D. Tex. July 21, 2016), *report and recommendation adopted*, No. 6:16-CV-102, 2016 WL 4480553 (E.D. Tex. Aug. 24, 2016) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

"[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of a Rule 12(b)(6) dismissal." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276-81 (11th Cir. 1999). Exhibits contradicting the conclusory allegations of a complaint will govern. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

## V.   ARGUMENT AND AUTHORITIES

### A.  The Court does not have personal jurisdiction over Mr. Lown.

#### i.   Plaintiff did not properly serve Mr. Lown.[9]

Fed. R. Civ. P. 4(e) requires that Plaintiff serve Mr. Lown with process (1) under the law of the state in which the district court is located or (2) "by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."" *Merch. Ivory Productions (USA), Inc. v. Donaldson*, No. CV 414-240, 2015 WL 5157481, at *7 (S.D. Ga. Sept. 1, 2015) (quoting Fed. R. Civ. P. 4(e)(1)).

Plaintiff's Certificate in Support of Default Judgment conclusively shows that Plaintiff did not leave a copy of the summons and original complaint at Mr. Lown's residence. Therefore, service must have been made in compliance with Georgia law to be effective. It was not.

First, there is no indication that the person who served the complaint was authorized to serve process. *See Smith v. Roundtree*, No. CV 215-04, 2015 WL 5971587, at *3 (S.D. Ga. Oct.

---

[9] Navient Corp. also has not been served with process since being added as a defendant. It is not challenging service in an effort to expedite dismissal of Plaintiff's frivolous claims with prejudice.

14, 2015) (recognizing O.C.G.A. § 9-11-4(c) identifies the only persons authorize to serve process under Georgia law, including certain law enforcement personal, designated appointees, and certified process servers); *see also Barneman v. Int'l Longshoreman Ass'n*, No. 2:17-CV-51, 2018 WL 664817, at *5 (S.D. Ga. Feb. 1, 2018) ("Here, Plaintiff mailed a copy of the complaint without a waiver of service form or a summons to the Defendants. That does not comport with the federal rules or with Georgia law of service. *See* O.C.G.A. § 9-11-4(c) (requiring service to be effectuated by a sheriff or one appointed for that purpose). Defendants have properly pointed out that this is insufficient, and Plaintiff failed to address this defect in his responsive brief. It is the Plaintiff's responsibility to prove that service occurred by the server's affidavit.").

Second, service by mail is not an authorized means of service to a nonresident individual defendant under Georgia law. *Syer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (holding service by mail is insufficient to deliver a copy of the summons and complaint to an authorized agent under Federal Rule of Civil Procedure 4(h)(1)(B)); *Walker v. Firestone*, No. 2:07-CV-0105-RWS, 2008 WL 2744391, at *2 (N.D. Ga. July 11, 2008) (dismissing case in which plaintiff attempted to effect service by mail, because neither the Federal Rules of Civil Procedure nor applicable Georgia law permit service by mail); *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (holding "the mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service"); *Madden v. Cleland*, 105 F.R.D. 520, 523 (N.D. Ga. 1985) ("Georgia law has no provision for service by mail."). Plaintiff failed to properly serve Mr. Lown; accordingly, this Court lacks personal jurisdiction over him.

ii.   <u>Mr. Lown should not be haled into a Georgia court.</u>

Plaintiff alleges no facts showing that Mr. Lown should be haled into a Georgia court in his individual capacity. First, there are no well-pleaded allegations showing that Mr. Lown committed a tort in Georgia, transacted business here, engaged in any other acts identified by Georgia's long-arm statute. *See* Ga. Code Ann. § 9-10-91. There also are no well-pleaded allegations showing that such contacts gave rise to any claim stated in the Amended Complaint. Because the Court cannot find "at least one prong of the long-arm statute is satisfied," it should not exercise personal jurisdiction over Mr. Lown. *Diamond Crystal,* 593 F.3d at 1259.

Second, Plaintiff does not allege and cannot show that Mr. Lown, in his individual capacity, lives in Georgia or has had continuous and systematic contacts with the State of Georgia, so as to support this Court's exercise of general personal jurisdiction. "The Georgia Court of Appeals has made clear that the exercise of general jurisdiction under the Georgia long-arm statute requires a 'continuous and systematic business contact' with the State of Georgia." *Brannies*, 67 F. Supp. 3d at 1367 (quoting *Mitsubishi Motors Corp. v. Colemon*, 290 Ga. App. 86, 89, 658 S.E.2d 843, 847 (2008)). Plaintiff alleges no such contacts here, and indeed cannot.

Third, Plaintiff does not allege facts showing that Mr. Lown, in his personal capacity, had any contacts with Georgia to support an exercise of specific personal jurisdiction. In fact, Plaintiff alleges no conduct involving Mr. Lown at all—whether occurring in Georgia or directed to Georgia. Mr. Lown instead appears to have been named solely for the purpose of harassment and/or settlement leverage. As Plaintiff does not allege facts showing that any of his claims arose from communications with Mr. Lown, this Court lacks personal jurisdiction over him.

Fourth, it would be unfair and unreasonable to require Mr. Lown to appear hundreds of miles away to defend Plaintiff's frivolous claims. Mr. Lown hardly could have expected to be

personally sued in a Georgia court under the circumstances of this case. Considering the lack of merit in Plaintiff's dispute, this Court should find that exercising jurisdiction would not further the notions of substantial fair play and justice. To hold otherwise would encourage the filing of similarly burdensome and baseless claims against a variety of individuals in their personal capacities. Indeed, a cursory review of Plaintiff's civil actions before this Court reveals a pattern of filing lawsuits against various companies and agencies, as well as employees and officers in their individual capacities.  This Court should decline to permit Plaintiff's improper tactics, and dismiss Plaintiff's Amended Complaint.

Even if the Court had personal jurisdiction over Mr. Lown, Plaintiff fails to state a claim upon which relief may be granted against him or Navient Corp.

**B.  The Complaint does not allege a plausible claim under the FDCPA.**

This Court should dismiss Plaintiff's FDCPA claim with prejudice because (i) he fails to allege sufficient, non-conclusory facts to show that Mr. Lown and Navient Corp. are "debt collectors" under the FDCPA and, even if he could (which is denied), (ii) the allegations of the Amended Complaint, documents referred to therein, and matters of which judicial notice may be taken, conclusively show that Plaintiff cannot state a viable claim.

   i.   <u>Plaintiff fails to allege facts showing that Defendants are debt collectors.</u>

In order to state a claim under the FDCPA, Plaintiff must plead and prove facts showing the plaintiff has been the subject of debt collection activity, (2) the defendant is a debt collector under the FDCPA, and (3) the defendant acted in violation of the FDCPA during the course of collection. *Belle Terrace Presbyterian Church v. CC Recovery*, No. CV 112-084, 2014 WL 317190, at *2 (S.D. Ga. Jan. 28, 2014) (citation omitted).

The FDCPA generally defines a "debt collector," as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).

However, § 1692(a)(6)(F)(iii) goes on specifically to exclude loan servicers from the FDCPA when "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person. . . ." 15 U.S.C. § 1692(a)(6)(F)(iii).

Under this clear statutory exemption, loan servicers are not "debt collectors" under the FDCPA so long as they acquire or begin servicing a loan before the borrower's default. *Solis v. CitiMortgage, Inc.,* 699 Fed. Appx. 891, 894 (11th Cir. Aug. 17, 2017) (citation omitted); *accord Carroll v. Bank of America, N.A.*, 2013 WL 1320755, at *4 (N.D. Ga. Mar. 28, 2013) (quoting *Humphrey v. Washington Mutual Bank, F.A.*, No. 1:06–CV–1367–JOF, 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007)) (recognizing the FDCPA "'applies only to debt collectors and not to creditors or . . . servicers'" engaging in first-party collection efforts).

Because of this clear statutory language, courts have routinely held that loan servicers are not debt collectors under the FDCPA if they acquired or began servicing a loan prior to the borrower's default. *See Diaz v. First Marblehead Corp.,* 643 Fed. Appx. 916, 919 (11th Cir. 2016) (collecting cases). Similarly, courts have dismissed FDCPA claims against Navient Corp. because plaintiffs were unable to plausibly allege that it qualified as a debt collector under the statute. *E.g.*, *Caione v. Navient Corporation*, No. 16-0806, 2016 WL 4432687, at * 4 (D.N.J. Aug. 18, 2016) (dismissing the plaintiff's complaint because "on the facts alleged [Navient] is not a debt collector as defined by the statute"); *Levy-Tatum v. Navient & Sallie Mae Bank*, No. CV 15-3794, 2016 WL 75231, at *7 (E.D. Pa. Jan. 7, 2016) (same).

This Court similarly should find that neither Navient Corp. nor Mr. Lown is a debt collector. Plaintiff makes the conclusory allegations that Mr. Lown "is a debt collector of European descent . . . who regularly engages in the business of education for usury" and that Navient Corp. "is a massive debt collector" that "collects usury payments form unsuspecting students." **Exh. 1**. at 94-95, ¶¶ 2, 3. These generic statements, which are not entitled to a presumption of truth, are insufficient as a matter of law to show that either Defendant is a debt collector.[10] *See, e.g.*, *Whitledge v. Carrington Mortgage Servs., LLC*, No. 15-CV-2686(PJS/LIB), 2015 WL 6561731, at *5 (D. Minn. Oct. 5, 2015), *report and recommendation adopted*, No. 15-2686 (PJS/LIB), 2015 WL 6561493 (D. Minn. Oct. 29, 2015) (dismissing a *pro se* FDCPA claim based on claims apparently derived from the same Clean Credit Report Process Package).

Here, Plaintiff does not plausibly allege that either Defendant is a third-party collector of his student loans, contend that his loans were in default before they began servicing them, or make any other allegation showing that either Defendant is a debt collector under the FDCPA.[11] Plaintiff's claim therefore must be dismissed. *See Solis*, 699 Fed. Appx. at 894 (dismissing a plaintiff's complaint because he failed to allege facts "sufficient to establish that the defendants meet the FDCPA's definition of 'debt collector'"); *Correa v. BAC Home Loans Servicing, LP*, No. 6:11-cv-1197, 2012 WL 1176701, at *12 (M.D. Fla. Apr. 9, 2012) ("Plaintiff cites the

---

[10] The same would be true if Navient Solutions, LLC was a defendant. *E.g.*, *Hodges v. Navient Sols., LLC*, No. 17-13485, 2018 WL 2837316, at *2 (E.D. Mich. June 11, 2018) (dismissing the Plaintiff's complaint because the Plaintiff did not establish that NSL was a debt collector under the FDCPA); *see also Haysbert v. Navient Solutions, Inc.*, No. 15-4144, 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016) ("numerous courts have found that student loan servicers that begin servicing prior to default are not debt collectors under the FDCPA").

[11] Plaintiff's conclusory contention in his "Brief in Support of Claim" that "NAVIENT is a debt collector as defined by the CFPB and therefore the FDCPA" because it is "claiming to be in service of this debt" does not change this analysis. **Exh. 1** at 102, ¶ J. Even if Navient Corp. was Plaintiff's student loan servicer (it is not), that fact alone would be insufficient to show it is a debt collector under the FDCPA. *See Whitledge*, 2015 WL 6561731, at *5 (dismissing a *pro se* FDCPA claim based on the exact same language in Plaintiff's Complaint).

general definition for 'debt collector' and in a conclusory manner, states that [defendants] are debt collectors. Such legal conclusions are insufficient to state a claim for relief").

    ii.   <u>Plaintiff cannot state a viable claim for violation of 15 U.S.C. § 1692g(b).</u>

15 U.S.C. § 1692g(b) provides that, if a consumer notifies a debt collector in writing that a debt is disputed, the debt collector must cease collection of the debt until the debt collector verifies the debt and mails the verification to the consumer. *Id*. However, a debt collector's obligation under § 1692g(b) is only triggered if the consumer notifies the debt collector of the dispute within 30 days of receiving an initial communication from the debt collector. *Id*.; *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1272 (11th Cir. 2016).

In order to state a plausible claim, then, Plaintiff must allege that he "dispute[d] the debt or any portion thereof within 30 days of receipt of the initial communication" from one of the Defendants. *Mack v. Progressive Fin. Servs., Inc.*, No. 4:13CV544, 2015 WL 123742, at *2 (E.D. Tex. Jan. 8, 2015) (citing 15 U.S.C. § 1692g(b)). Plaintiff alleges that he sent "validation letters" to Navient. **Exh. 1** at 100-01, ¶¶ C, E. But he identifies no initial communication to which he was responding, or allege facts showing that he his request for validation was timely. Any claim based on a failure to respond to the validation letters must fail.

    iii.   <u>Plaintiff fails to state a claim based on verification of an "invalidated account."</u>

15 U.S.C. § 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id*. The statute goes on to identify sixteen (16) non-exclusive means by which a debt collector may violate this provision. Among them, § 1692e(8) prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

"While Section 1692e generally imposes strict liability for violations, Section 1692e(8) makes it a violation only where the plaintiff can show that the defendant knew or should have known the information it was communicating to be false." *Carlisle v. Nat'l Commercial Servs., Inc.*, No. 1:14-CV-515-TWT, 2015 WL 4092817, at *12 (N.D. Ga. July 7, 2015), *aff'd*, 722 Fed. Appx. 864 (11th Cir. 2018) (citations omitted). Thus, to state a claim under § 1692e(8), Plaintiff "must allege sufficient factual allegations supporting the finding that [Defendants] knew or should have known that the debt amount" reported to the CRAs "was false." *Sunga v. Rees Broome, P.C.*, No. 1:09CV1119(JCC/TRJ), 2010 WL 1138319, at *4 (E.D. Va. Mar. 18, 2010).

Reading the Amended Complaint very liberally, Plaintiff appears to claim that Navient Corp. violated § 1692e(8) by "verifying an invalidated account" to the CRAs. **Exh. 1** at 101, ¶ F. But even if one or both of the Defendants was a debt collector (which is denied) and they failed to respond to a written dispute about the student loans made within 30 days of an initial communication (which is denied), the remedies for a violation of the FDCPA are the recovery of actual damages, statutory damages, reasonable attorney's fees, and costs. 15 U.S.C. 1692(k). Nothing in the statute purports to void a disputed debt, much less without a court ruling. Therefore, Defendants did not communicate false information to the CRAs as a matter of law.

The central premise of Plaintiff's FDCPA claims is that his student loans were invalidated based on Navient Corp.'s allegedly insufficient response to two letters. This premise fails as a matter of law and fact. Since neither Defendant plausibly communicated false information to the CRAs, Plaintiff's claim under § 1692e(8) should be dismissed with prejudice.

### C.  Plaintiff Fails to Allege a Plausible Claim for Violation of the FCRA.

The FCRA imposes two general categories of duties on furnishers of information: (1) duties to provide accurate information to CRAs under 15 U.S.C. § 1681s-2(a); and (2) duties when responding to a notice of dispute received from a CRA under 15 U.S.C. § 1681s–2(b).

Enforcement of the first set of duties under § 1681s-2(a) is limited to government entities. 15 U.S.C. §§ 1681s-2(c)-(d); *Zoluaga v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-369, 2011 WL 5600377, at *5 (E.D. Tex. Nov. 16, 2011) ("A violation of any of the duties described in section 1681s–2(a) does not give rise to a private right of action.").

A furnisher may be liable for a negligent or willful violation of its duties under § 1681s-2(b). *See* 15 U.S.C. §§ 1681o, 1681n. However, these duties arise only after it receives a notice of dispute from a CRA. 15 U.S.C. § 1681s-2(b)(1) (stating that furnishers must comply with discrete duties "[a]fter receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a [CRA]"); *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (per curiam) (holding the FCRA provides a private right of action "only if the furnisher received notice of the consumer's dispute from a [CRA]").

Plaintiff alleges he was "injured by the Defendants . . . because they reported false or invalid debt," **Exh. 1** at 095, ¶ 1, and purports to seek correction of "errors on his personal credit report, *id.* at 1. He further complains that "Navient intentionally continues to report an invalid debt on [Plaintiff's] credit report and continues to benefit by making claims against [Plaintiff's] credit." *Id.* at 096, ¶ 11. According to him, "the accounts should have never been on the credit reports nor subsequently placed on the credit reports after the accounts were invalidated." *Id*. at 90. To the extent these allegations can be liberally read to assert an FCRA claim, Plaintiff fails to state a plausible private right of action and his claim should be dismissed with prejudice.

i.   <u>Neither Defendant is a "furnisher of information" subject to the FCRA.</u>

Plaintiff does not, and cannot, plausibly allege that Mr. Lown or Navient Corp. are "furnishers" of credit information under the FCRA. *See* 15 U.S.C. 1681s-2 (imposing responsibilities only on "furnishers of information"); *see also Meisel v. USA Shade and Fabric Structures, Inc.*, 795 F. Supp. 2d 481, 484 n.1 (N.D. Tex. 2011) (defining a furnisher as "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies"). Since Plaintiff pleads no facts showing either Defendant is a furnisher of information, any FCRA claim against them must fail as a matter of law.

ii.   <u>There is no private right of action for merely furnishing inaccurate information.</u>

Plaintiff's Amended Complaint might be generously read to allege that Defendants violated the FCRA by furnishing information to the CRAs that they knew or had reasonable cause to believe was inaccurate due to his direct dispute and alleged invalidation of the student loans, 15 U.S.C. § 1681s-2(a)(1)(A); and by furnishing information to the CRAs after receiving notice that specific information was inaccurate, *i.e.*, information relating to the allegedly invalid student loans, when the information was "in fact, inaccurate," 15 U.S.C. § 1681s-2(a)(1)(B).

As explained above, the central premise of this claim—that Plaintiff's student loans were invalidated, and therefore any credit reporting was inaccurate—fails as a matter of fact and law. Setting that aside, Plaintiff's claims also fail as a matter of law because there is no private right of action for violation of § 1681s-2(a). *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) ("Consumers have no private right of action against furnishers for reporting inaccurate information to CRAs regarding consumer accounts."); *see also*, *e.g.*, *Dotson v. Midland Credit Mgmt., Inc.*, No. CV 210-017, 2010 WL 11474066, at *3 (S.D. Ga. July 29, 2010); *Smith v. Franklin Collection Serv.*, No. 2:18-CV-00016-ACA, 2018 WL 4144994, at *6

(N.D. Ala. Aug. 30, 2018). This Court accordingly should dismiss Plaintiff's FCRA claim, if any, with prejudice.

iii.     Plaintiff fails to allege that Defendants received notice of any dispute from a CRA.

As mentioned above, the duties of a 'furnisher of information' under § 1681s–2(b) attach only "where 'the furnisher [of the disputed information] received notice of the consumer's dispute from a consumer reporting agency.'" *Dotson v. Midland Credit Mgmt., Inc*., No. CV 210-017, 2010 WL 11474066, at *3 (S.D. Ga. July 29, 2010) (quoting *Peart v. Shippie*, 345 Fed. Appx. 384, 386 (11th Cir. 2009). "A notice of disputed information directly by the consumer to a furnisher does not trigger a furnisher's duties under § 1681s-2(b)." *Chiang*, 595 F.3d at 35 n.8

To state a claim under the FCRA, a plaintiff must allege and prove that (1) he disputed the accuracy or completeness of information to a CRA, *and* (2) the CRA notified the furnisher of the consumer's dispute. *Shaunfield v. Experian Info. Sols., Inc*., 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) (citations omitted) (footnote omitted). Plaintiff pleads neither.

At best, Plaintiff alleges that he directly disputed his debt with Navient Solutions, LLC in two validation letters. Receipt of these letters, standing alone, cannot support an FCRA claim as a matter of law. *Chiang*, 595 F.3d at 35 ("Although a consumer may dispute credit information directly to a furnisher, as [plaintiff] has done, the consumer has no private right of action if the furnisher does not reasonably investigate the consumer's claim after direct notification."). Any claims alleged by Plaintiff under the FCRA therefore should be dismissed with prejudice.

iv.     Plaintiff fails to allege facts showing a plausible violation of § 1681s–2(b).

Plaintiff's FCRA claims also fail because, even if he had alleged that Defendants received a notice of dispute from a CRA, his Amended Complaint includes no facts showing a violation of any of the duties imposed by §§ 1681s-2(b)(1)(A)-(E). There are simply no facts from which the Court could find that Defendants "failed to take appropriate action regarding

21

[any] dispute." *Douglas v. Select Portfolio Servicing, Inc.*, No. 4:14-1329, 2015 WL 1064623, at *7 (S.D. Tex. Mar. 11, 2015) (citations omitted); *see also Rios v. Randolph Brooks Fed. Credit Union*, No. 5:13-CV-946-DAE, 2014 WL 3897806, at *3 (W.D. Tex. Aug. 8, 2014) (dismissing FCRA claims where the complaint contained "only conclusory allegations and bare recitations of the law"); *Mendoza v. GE Capital Retail Bank*, No. SA-12-CA-226-XR, 2012 WL 1038754, at *3 (W.D. Tex. Mar. 27, 2012) (citation omitted) ("Nothing in § 1681s–2(b) requires defendant to correct information simply because the consumer believes it is erroneous.").

Without more, Plaintiff's claims must be dismissed. *See Smith v. Bank of Am. Home Loans*, 968 F. Supp. 2d 1159, 1167 (M.D. Fla. 2013) ("It is unclear whether plaintiffs allege that [the furnisher] failed to conduct any investigation. To the extent an investigation was conducted, it is unclear how the investigation failed to meet the requirements of the statute. Therefore, plaintiffs have failed to put [the furnisher] on notice as to the nature of their alleged violation of 15 U.S.C. § 1681s–2(b)."). Alternatively, the Court should dismiss his claims based on his more specific failure to plausibly identify any inaccurate information furnished by either Defendant.

v.   Plaintiff fails to allege facts identifying any particular inaccuracy in his credit report based on information that either Defendant furnished to the CRAs.

To plead a viable claim under the FCRA, a plaintiff is "'required, at a minimum, to allege factual content showing an inaccuracy in his credit report.'" *Petrou v. Navient Corp.*, No. 17-cv-02033, 2018 WL 3020160, at *2 (S.D. Cal. June 15, 2018) (quoting *Banks v. ACS Educ.*, 638 F. App'x 587, 590 (9th Cir. 2016)); *see also Humphrey v. Navient Sols., Inc.*, No. 16-CV-370-JDP, 2017 WL 4083593, at *1 (W.D. Wis. Sept. 13, 2017) (stating that a plaintiff must establish furnished information was inaccurate to show harm); *Heras v. Nelnet, Inc.*, No. CV 16–6388 FMO (PLAx), 2017 WL 4586334, at *2 (C.D. Cal. Apr. 28, 2017) (noting a plaintiff's failure to show furnished information was inaccurate was "fatal to his claim against defendant").

Plaintiff's only allegation suggesting that Defendants furnished inaccurate information to CRAs is that his student loans were "invalidated" by an alleged FDCPA violation, and therefore should not have been reported. As discussed above, this allegation is baseless. Because Plaintiff pleads no other facts identifying any incomplete or inaccurate information allegedly furnished by either Defendant to the CRAs or any basis on which to conclude that information was, in fact, inaccurate or incomplete, his FCRA claim also fails as a matter of law for this reason.

Because this deficiency is incurable, any FCRA claim conceivably made against Defendants in the Amended Complaint should be dismissed with prejudice.

### D.  Plaintiff cannot state a claim under Georgia's Uniform Commercial Code.

Defendants do not read Plaintiff's Amended Complaint as attempting to state a claim under Georgia's UCC. *See* **Exh. 1** at 94-102 (requesting relief only under the FDCPA). Even if it did, the claim would fail. "Navient cannot be found to have violated the UCC by failing to 'present' the original promissory note for plaintiff's inspection, as the UCC does not require Navient to do so." *Spyer v. Navient Sols., Inc.*, No. 15-3814 (NLH/JS), 2016 WL 1046789, at *4 (D.N.J. Mar. 15, 2016), *reconsideration denied*, No. 15-3814 (NLH/JS), 2016 WL 5852849 (D.N.J. Oct. 4, 2016). Any claim on this basis should be dismissed with prejudice.

### E.  Plaintiff is Not Entitled to Injunctive Relief.

Plaintiff's request for relief fails directly alongside the merits of his claims. However, his request for an order directing Defendants to request deletion of the student loans from his credit report, effectively seeking a permanent mandatory injunction, also fails as a matter of law under the FDCPA and FCRA. *See Jordan v. Jordan*, No. 1:12-CV-01257-TCB-GGB, 2012 WL 13014586, at *6 (N.D. Ga. Oct. 29, 2012), *report and recommendation adopted sub nom. Jordan v. JP Morgan Chase Ban*k, No. N.A., 1:12-CV-1257-TCB, 2012 WL 13014723 (N.D. Ga. Nov. 19, 2012) (citations omitted) (dismissing request for injunctive relief under the FDCPA "because

the FDCPA does not provide for injunctive relief"); *Daniels v. Experian Info. Sols., Inc.*, No. CV 109-017, 2009 WL 1811548, at *4 (S.D. Ga. June 24, 2009) (dismissing request for injunctive relief finding that "injunctive and declaratory relief are not available to private litigants under the FCRA."). Plaintiff's request for injunctive relief therefore also must be dismissed with prejudice.

### F. Plaintiff's history of frivolous filings support additional relief to deter similar filings against Defendants, Navient Solutions, LLC, and their employees.

"Access to the courts is unquestionably a right of considerable constitutional significance, but it is neither absolute nor unconditional." *Wilson v. Georgia State Prison*, No. 1:17-CV-597-SCJ, 2017 WL 5505304, at *1 (N.D. Ga. Mar. 17, 2017) (citations and quotation marks omitted). "Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008); *see also Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge."). Therefore, condition and restriction on a plaintiff's access to the courts may be "necessary to preserve the judicial resource for all other persons." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).

Review of the Court's docket on PACER shows that Plaintiff has recently filed several frivolous claims in this District. Moreover, this Court has already warned Plaintiff about filing baseless lawsuits and imposed limitations on his ability to do so. *See, e.g.*, *Bro T. Hesed-El v. Poff*, No. 1:18-cv-00079-JRH-BKE (S.D. Ga. June 21, 2018), ECF No. 9 (copy attached hereto as **Exhibit 5**) (noting that should the requirement of a frivolity bond "not deter Plaintiff from his baseless filings, the Court may impose stronger filing restrictions in the future.").

Since this Court's June 2018 warning, Plaintiff has restarted litigation this previously dormant case (albeit in state court) and filed an amended complaint re-asserting his frivolous

claims. He also continues to litigate baseless claims in other actions pending before this Court. *E.g.*, *Hesed-El v. Federal Nat'l Mortg. Assoc., et al.*, No. 1:17-cv-00146-JRH-BKE (S.D. Ga.); *Hesed-El v. Aldridge Pite, LLP, et al.*, No.1:18-cv-00005-JRH-BKE (S.D. Ga).

Considering the history and nature of Plaintiff's filings since the Court's June 2018 warning, additional limitations are warranted to prevent Defendants, the Court, and others from expending unnecessary time and resources in response. Using the United States District Court's decision in *Wilson v. Georgia State Prison*, No. 1:17-CV-597-SCJ, 2017 WL 5505304, (N.D. Ga. Mar. 17, 2017), as a guide, Defendant requests that the Court impose the following restrictions for a period of one year on all civil cases Plaintiff seeks to commence:

> 1. For all new cases [Plaintiff] seeks to initiate after entry of this Order, the Clerk shall receive the papers he submits, open a miscellaneous case number, and forward the documents to the duty judge in this case to determine whether [Plaintiff] qualifies as indigent and whether he has stated a claim with any arguable merit. Upon receipt, the Court will read and consider [Plaintiff's] filings. Only if a given pleading alleges a plausible claim for relief will the Court allow it to be filed. See 28 U.S.C. § 1915(e).

> 2. The Clerk shall not docket any further motions or papers in a case dismissed pursuant to this directive, except for a notice of appeal. Any papers other than a notice of appeal will be retained digitally by the Clerk for appellate and historical purposes only. If a notice of appeal is filed, the Clerk shall forward a copy of the Court's ruling in this case, the notice of appeal, and the dismissed complaint to the Court of Appeals. [Plaintiff] shall remain responsible for appellate filing fees (or he may move this Court for IFP status on appeal, per Fed. R. App. P. 24).

*Wilson*, 2017 WL 5505304, at *3.

## VI.   CONCLUSION

Plaintiff's frivolous claims were manufactured to give Defendants a difficult choice: to pay Plaintiff to go away and acquiesce to his demands for invalidation of legitimate obligations (including debts owed to the United States), or to pay much more to an attorney to defend the case. This abuse of the judicial system should be stopped. For all the reasons above, the Court

should dismiss Plaintiff's claims with prejudice, restrict his ability to proceed on similarly frivolous filings in the future, and award all further relief the Court deems proper and just.

Dated:  November 20, 2018                    Respectfully submitted,

                                             /s/ Daniel B. Millman
                                             Daniel B. Millman
                                             Georgia Bar No. 603728

                                             HUNTON ANDREWS KURTH LLP
                                             Bank of America Plaza, Suite 4100
                                             600 Peachtree Street, N.E.
                                             Atlanta, Georgia 30308
                                             Telephone: 404-888-4000
                                             Facsimile: 404-888-4190
                                             E-mail: dmillman@huntonAK.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018 a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties and counsel of record. A copy also was mailed to Plaintiff via certified mail and regular mail at the following address:

Bro T. Hesed-El, ARR
Trust Mail
PO Box  5327
Augusta, GA 30916
404-455-1869
Teamwork3620@gmail.com

                                             /s/Daniel B. Millman
                                             Daniel B. Millman